## Northumberland Hook and Ladder Fire Co. Appeal

*Daniel W. Kearney*, for appellant.

*Spencer Hill*, for Pennsylvania Liquor Control Board.

*Russell S. Machmer*, for protestant.

TROUTMAN, J., May 26, 1948.—This appeal is before us from the refusal by the Pennsylvania Liquor Control Board to grant an application for a club liquor license for the Northumberland Hook and Ladder Fire Company, located at 246 Front Street, Borough of Northumberland, Northumberland County, Pa. The Pennsylvania Liquor Control Board refused the license for two reasons: (1) The Liquor License Quota Act of June 24, 1939, P. L. 806, provides for a quota of five retail licenses for the sale of liquor and malt beverages in Northumberland, Northumberland County, and there are at the present time five licenses in effect of the type counted against the said quota. Accordingly, the quota of retail licenses for said municipality is exceeded; (2) the premises are within 300 feet of the Methodist Episcopal Church and a protest has been filed with this board by that institution.

This matter was heard de novo by the court and it was agreed that the quota for retail licenses in Northumberland Borough is five and there are at the present time five licenses in effect of the type counted against the said quota. Appellant now holds a club malt beverage license for the same premises for which it is now seeking a club liquor license, and has had the same since 1935. Applicant meets all the physical requirements for a license and is a bona fide club, the only reasons preventing the issuance of this license being those upon which the board based its refusal.

When the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended by the Act of May 27, 1943, P. L. 688, sec. 1, 47 PS §744-404, gives the right of appeal to the court of quarter sessions, it does not intend that the said court should become an independent licensing authority, but only that it should determine whether or not the board has abused its discretion and whether its orders are free from prejudice, abuse, bias and oppression, so as to prevent injustice.

Section 403 of the Pennsylvania Liquor Control Act, 47 PS §744-403, provides inter alia, that upon being satisfied that applicant and its premises meet the requirements of the act "the board . . . in the case of a . . . club, may, in its discretion, issue a license: Provided, however, That, in the case of any new license or the transfer of any license to a new location, the board may, in its discretion, grant or refuse such new license or transfer if such place, proposed to be licensed, is within three hundred feet of any church, hospital, charitable institution, school or public playground. . . ."

The board found as a fact, and the evidence establishes, that the premises proposed to be licensed are located within 300 feet of the Methodist Church of Northumberland. The premises of the fire company face Front Street, which entrance is for fire apparatus only and is not used by individuals and there are two

entrances into the club quarters opening into an alley alongside of the building and the measurement was made from the entrance most distant from the church. The measurement was made from a point opposite the entrance to the club quarters, and then along the alley to the intersection of this alley and Front Street, and then in a line from the said intersection to a point on the curb opposite the nearest side of the church building. This measurement is 187 feet 5 inches and was made in accordance with the rules of measurement as set forth by the board. The courts in passing upon these exact rules have held that in the absence of a legislative direction for measurement, the board properly adopted a rule for uniformly determining the distance and that the method adopted was not an abuse of its discretion: Elmen's License, 51 D. & C. 477; Wolf's License, 58 D. & C. 178, 180.

The protest to the granting of the license in this case was made by the official board of the Methodist Church of Northumberland, which was the proper authority to make such objection. Applicant does not dispute the fact that the premises for which the license is sought are within 300 feet of the church but it is contended by it that since it has been a holder of a club malt beverage license since 1935, the granting of a club liquor license would not constitute a new license under the provisions of section 403 of the Liquor Control Act and inasmuch as the discretion of the board in the granting or refusal of a license for premises within 300 feet of a church is limited to the case of a new license or the transfer of a license, it would have no application to this case.

The legislature provided for the granting of licenses of various classes and in order to carry out its purpose, passed the Beverage License Law providing for the issuance of malt beverage licenses and also passed the Liquor Control Act which provides for the granting of liquor licenses. There are two distinct licenses, a club

malt beverage license and a club liquor license, each of which has distinctive rights and obligations. We are of the opinion that the application for a club liquor license in this case constitutes an application for a new license under the Liquor Control Act.

It is conceivable that the church may not have objected to the granting of a club malt beverage license but would object to a club liquor license. As a matter of fact, the testimony indicates that several of the witnesses felt that the sale of liquor would be more detrimental to the church than the sale of malt beverages.

The cases which have held that the exchange of a club malt beverage license for a club liquor license is not a "new" license within the meaning of the Liquor License Quota Act of June 24, 1939, P. L. 806, are not controlling in this case insofar as the 300-feet restriction is concerned. It must be borne in mind that in those cases the court was construing the granting or refusal to grant a license under the Quota Act and was strictly limited to the interpretation of the provisions of the Quota Law. The Quota Act has but one purpose, declared in its title and easily distinguishable throughout its provisions, namely, to limit the number of retail licenses issued. It fixes the ratio of licenses to population which is to be maintained, but makes no attempt to regulate the class of licenses within that ratio. Rather, it specifies that they may be "of any class". It follows that once a quota has been exceeded, the prohibition regarding "new" licenses is not against the issuance of a different class of license to be substituted for one already in effect, but against the granting of an additional license which would increase the number already in effect. Hence, under the Quota Act, the approval of appellant's application would not be tantamount to the issuance of a "new" license. See Appeal of Country Club of Harrisburg, 55 D. & C. 65.

The Liquor Control Act, under which the present application is made, provides for a distinct class of license, namely, a club liquor license, and as far as the provisions of section 403 of the said act are concerned, it is a new license. In the Appeal of Unberger, 1 Lebanon 165, the court held that an application for a retail liquor license in exchange for a malt beverage license constitutes an application for a "new" license under the Liquor Control Act, and the board may in its discretion refuse such application upon objection by churches within 300 feet of applicant's premises. The word "new", as is used in the Quota Act, means "additional" but "new" as used in section 403 of the Liquor Control Act applies to an application, under that section, for a club liquor license, and it does not matter whether it is an original application for such a license or whether it was an application in exchange for a license of another class. The restriction as to distance from a church under this section applies to all applications for a club liquor license, regardless of whether or not applicant is a holder of a club malt beverage license, except where the application is for the renewal of a club liquor license which had heretofore been granted to the said premises.

Inasmuch as we will sustain the board's second reason for its refusal to grant the application for a club liquor license in this case, it is unnecessary for us to discuss the first reason assigned by the board for its refusal, which deals with the Quota Act. Suffice it to say that if the Quota Act was the only question raised in this appeal, this court would be constrained to sustain the appeal under the authority of its prior rulings: In re American Legion Post No. 73, 56 D. & C. 526; Appeal of Loggia Nuova Giuseppe Verdi No. 1483, 55 D. & C. 498.

Therefore, with the evidence before us, which shows that applicant's premises are within 300 feet of a

613

church, which church through its pastor and official board, together with the vice-president of the Northumberland Ministerium Association, have vigorously protested against the granting of a club liquor license, we find the discretion given the Pennsylvania Liquor Control Board under the act has not been abused or arbitrarily or unreasonably exercised.

### Order

And now, to wit, May 26, 1948, the action and order of the Pennsylvania Liquor Control Board in refusing a club liquor license for the Northumberland Hook and Ladder Fire Company for premises located at 246 Front Street, Borough of Northumberland, Northumberland County, Pa., is hereby sustained. The appeal is dismissed at appellant's cost.